# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILIAS DZHATDOEV,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:25-cv-01457-JLT-CDB<br><br>ORDER GRANTING PETITIONER'S RENEWED MOTION FOR LEAVE TO FILE AMENDED PETITION<br><br>(Doc. 15)<br><br>**7-Day Deadline**<br><br>Clerk of the Court to Docket First Amended Petition as Operative Petition |

Petitioner Ilias Dzhatdoev ("Petitioner"), a federal detainee, proceeds with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  On October 31, 2025, Petitioner filed the instant petition while in custody of Immigration and Customs Enforcement ("ICE") at the Golden State Annex, located in McFarland, California.  *Id.*

**Background**

On January 8, 2026, Petitioner filed a motion to amend the petition.  (Doc. 8).  The Court denied the motion without prejudice for failure to attach the proposed amended petition, as required by the Local Rules.  (Doc. 12).  Pending before the Court is Petitioner's renewed motion to amend the petition, filed on January 9, 2026.  (Doc. 15).  The Court finds Petitioner's renewed motion ripe for ruling without awaiting further briefing.

In the motion, Petitioner states that, on January 8, 2026, he retained counsel, "who has

developed additional legal theories and factual details supporting his claims." *Id.* at 3-4. Petitioner states that the case is at an early stage; Respondents have not filed a response to the petition; there is no evidence of bad faith, dilatory motive, or repeated failure to cure deficiencies; and amendment would not cause undue prejudice to Respondents, who have "ample time to address the amended petition in their forthcoming response." *Id.* at 5. Petitioner attaches to his motion a proposed first amended petition. (Doc. 15-1).

**Governing Law**

Rule 15 permits a petitioner to amend the complaint once as a matter of course no later than 21 days after service of the complaint or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). After such time has passed or petitioner has once amended their complaint, amendment may only be by leave of the court or by written consent of the adverse parties. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors in assessing whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended its complaint." *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Atkins v. Astrue*, No. C 10–0180 PJH, 2011 WL 1335607, at

*3 (N.D. Cal. Apr. 7, 2011) (the five factors "need not all be considered in each case"). Undue delay, "by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). On the other hand, futility of amendment and prejudice to the opposing party can, by themselves, justify the denial of a motion for leave to amend. *Bonin*, 59 F.3d at 845; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**Discussion**

The Court addresses the relevant factors set forth in *Western Shoshone Nat'l Council v. Molini* below.

**A.      Bad Faith**

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs*, 833 F.2d at 187; *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt.") (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

Here, there is no information before the Court suggesting bad faith on the part of Petitioner in seeking leave to amend. Accordingly, this factor weighs in favor of amendment.

**B.      Undue Delay**

By itself, a showing of undue delay is insufficient to deny leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs*, 833 F.2d at 186. However, in combination with other factors, delay may be sufficient to deny amendment. *Webb*, 655 F.2d at 979-80; *see Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)

(substantial delay, while not dispositive, is relevant to whether to permit amendment).  In assessing whether there exists undue delay, a court shall consider if "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted).  The mere fact that a party fails to offer a reason for not moving to amend earlier does not in itself constitute an adequate basis for denying leave to amend.  *Howey*, 481 F.2d at 1190-91.  Whether there has been "undue delay" should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

The Court finds no indication of undue delay in bringing the motion to amend.  Petitioner initiated the action, proceeding pro se, on October 31, 2025, and retained counsel on January 8, 2026.  (Docs. 1, 7).  The motion to amend was filed on January 8, 2026, and the renewed motion on January 9, 2026.  (Docs. 8, 15).  As such, this factor weighs in favor of amendment.

### C.    Prejudice to Opposing Party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party.  *Eminence Capital*, 316 F.3d at 1052.  The burden of showing prejudice is on the party opposing an amendment to the complaint.  *DCD Programs, Ltd.*, 833 F.2d at 187.  There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Here, Respondents have not filed their response to the petition.  Indeed, the Court ordered Respondents to show cause in writing for their failure to file any such response by the January 5, 2026, deadline.  *See* (Docs. 3, 14).  The order to show cause remains outstanding and Respondents have not yet filed their response thereto.  As such, this factor weighs in favor of amendment.

### D.    Prior Amendments and Futility of Amendment

The Court's discretion to deny leave to amend is "particularly broad" where a party has previously amended the pleading.  *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).  An amendment is

futile if the complaint clearly could not be saved by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). However, denial of leave to amend on futility grounds is "rare." *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id*.

Here, Plaintiff's proposed amendments would constitute the first amendment to the petition. Petitioner represents that amendment would not be futile because the Petitioner has retained counsel who has identified additional relevant facts and legal theories (Doc. 15 at 3-4). The Court finds no clear indication of futility on the face of the proposed first amended petition (Doc. 15-1). Thus, this factor weighs in favor of granting leave to amend.

Because the factors enunciated in *Western Shoshone Nat'l Council v. Molini* weigh substantially in favor of amendment, the Court will grant Petitioner's motion for leave to amend the petition.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Petitioner's renewed motion for leave to file a first amended petition (Doc. 15) is GRANTED (*see* Fed. R. Civ. P. 15(a)(2));

2. The Clerk of the Court is DIRECTED to adjust the docket to reflect the first amended petition attached to the motion (Doc. 15-1) as the operative petition;

3. Respondents SHALL FILE their response to the first amended petition **within seven (7) days** of entry of this order.

IT IS SO ORDERED.

Dated:   **January 12, 2026**   _____

UNITED STATES MAGISTRATE JUDGE