UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ILIAS DZHATDOEV,

    Petitioner,

  v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY, *et al.*,

    Respondents.

Case No. 1:25-cv-01457-JLT-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO
DENY PETITIONER'S MOTION FOR
TEMPORARY RESTRAINING ORDER

(Doc. 9)

**14-DAY DEADLINE**

## I. **Relevant Background**[1]

Petitioner Ilias Dzhatdoev ("Petitioner"), a federal detainee, proceeds with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  On October 31, 2025, Petitioner filed the instant petition while in custody of Immigration and Customs Enforcement ("ICE") at the Golden State Annex, located in McFarland, California.  *Id.*  After the Court preliminarily concluded that Petitioner's petition may be cognizable under § 2241, on November 5, 2025, the Court set a briefing schedule on the petition.  (Doc. 3).  On January 8, 2026, Petitioner filed a motion for temporary restraining order ("TRO").  (Docs. 9, 10).  On January 12, 2026, Petitioner filed his first

---

[1] The pending motion for temporary restraining order (Doc. 9) was referred to the undersigned for preparation of findings and recommendations on January 13, 2026.  (Doc. 20).

amended petition.[2] (Doc. 18). Petitioner alleges that his continued detention in an immigration jail without first being provided a due process hearing violates his constitutional and statutory rights. *Id.* ¶¶ 5-8. On January 12, 2026, Respondents filed their response to the petition. (Doc. 19). Respondents oppose the petition and the motion for TRO and assert that all applicants for admission are subject to mandatory detention under 8 U.S.C. § 1225(b) and are not eligible for a bond hearing. *Id.* at 3.

**II.    Motion for Temporary Restraining Order**

In his motion for TRO, Petitioner asserts that "Respondents lacked authority to detain Petitioner because parole must be terminated before detention authority is triggered, DHS did not comply with any of the regulatory requirements for termination, detention under §§ 1225 does not apply while parole remains in effect," and Petitioner's detention is *ultra vires*. (Doc. 9 at 5; emphasis omitted). Petitioner seeks a court order directing that "Petitioner must return to the *status quo ante* the filing of the instant petition," with only the same requirements imposed as upon Petitioner's first time of release. *Id.* at 7.

Alongside the TRO, Petitioner filed four exhibits. *See* (Doc. 10). Exhibit A is a picture of a Department of Homeland Security ("DHS") Notice to Appear form setting an appointment for Petitioner on January 24, 2024. *Id.*, Ex. A. Exhibit B includes a picture of a DHS Interim Notice Authorizing Parole form for Petitioner, dated February 11, 2024. *Id.*, Ex. B. Exhibit B also includes a picture of a DHS Notice to EOIR: Alien Address form for Petitioner, noting report of address and grant of parole on February 11, 2024, and release on February 13, 2024. Additionally, Exhibit B includes a DHS Call-in Letter form, dated February 11, 2024, for Petitioner, noting a requirement to report on March 7, 2024, in Los Angeles, California *Id.*, Ex. B. Exhibit C appears to include the same Notice to EOIR: Alien Address form as Exhibit B. *Id.*, Ex. C. Exhibit D is a DHS Record of Deportable/Admissible Alien form for Petitioner, dated April 4, 2025, with identifying information and redactions and noting an Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) charge. *Id.*, Ex. D.

---

[2] Petitioner purports to attach numerous exhibits to the first amended petition. *See* (Doc. 18). However, Petitioner did not include such exhibits with the copy of the first amended petition that was attached to the motion to amend the petition. (Doc. 15).

III.     **Governing Authority**

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Intern. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter*, 555 U.S. at 20); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

Preliminary injunctions are intended "merely to preserve the relative positions of the parties until a trial on the merits can be held, and to balance the equities as the litigation moves forward." *Lackey v Stinnie*, 604 U.S. 192, 200 (2025) (citations and quotations omitted). "The status quo refers to 'the last uncontested status which preceded the pending controversy.'" *E.A.P.C. v. Wofford*, No. 1:25-cv-01546-JLT-CDB, 2025 WL 3289185, at *8 (E.D. Cal. Nov. 25, 2025) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)).

IV.     **Discussion**

The Court has reviewed Petitioner's motion for TRO (Docs. 9, 10) and the papers filed thus far in this matter, including the petition for writ of habeas corpus (Docs. 1, 18) and Respondents'

3

response to the petition (Doc. 19).  The petition asserts that Petitioner entered the United States on October 27, 2023, and was detained before being released on parole that same day under § 212(d)(5)(A) of the INA.  (Doc. 18 ¶¶ 26-30).  Upon his release, Petitioner had been living in the United States awaiting his immigration court hearing.  *Id.* ¶ 31.  On April 4, 2025, Petitioner was re-detained after appearing at a check-in and has since been in custody at the Golden State Annex. He has not been provided a bond hearing.  *Id.* ¶¶ 32-33.

The Court notes that Petitioner did not file his motion for TRO or seek any other emergency relief until approximately nine months after he was re-detained and more than two months after he filed his petition.  Petitioner's long delay in seeking emergency injunctive relief "implies a lack of urgency and irreparable harm."  *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985); *see Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect the [petitioner's] rights.  By sleeping on its rights a [petitioner] demonstrates the lack of need for speedy action[.]") (quoting *Gillette Co. v. Ed Pinaud, Inc.*, 178 F. Supp. 618, 622 (S.D.N.Y. 1959)).

Moreover, Petitioner offers no explanation justifying his long delay in seeking a TRO.  *See, e.g.*, *Lima v. Wofford*, No. 1:25-CV-01390-SKO (HC), 2025 WL 3167583, at *1 (E.D. Cal. Nov. 13, 2025) (denying TRO where petitioner, an immigration detainee who filed petition two months after return to detention and motion for TRO one month after the petition, explained that he retained new counsel and that "because he was repeatedly transferred until he arrived in Mesa Verde Detention Center, he received incomplete legal advice, his pain has become so excruciating that he sought a second opinion, and his family needed time to locate an attorney and gather resources"). Therefore, Petitioner's TRO request is untimely such as to weigh against a finding of irreparable harm and against the issuance of a TRO.  *See also* Local Rule 231(b).

Accordingly, the undersigned will recommend that Petitioner's motion for TRO be denied as untimely.

///

///

**V.        Conclusion and Recommendation**

For the foregoing reasons, it is HEREBY RECOMMENDED that Petitioner's motion for a temporary restraining order (Doc. 9) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 13, 2026**                                    _____

UNITED STATES MAGISTRATE JUDGE