UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILIAS DZHATDOEV,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>Respondent. | Case No. 1:25-cv-01457-JLT-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. 23) |

Ilias Dzhatdoev, a federal detainee, initiated this action on October 31, 2025, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner filed a motion for temporary restraining order on January 8, 2026. (Docs. 9, 10.)

On January 13, 2026, the assigned magistrate judge issued findings and recommendations to deny the motion for temporary restraining order. (Doc. 23.) The magistrate judge noted that Petitioner entered the United States on October 27, 2023, and was detained before being released on parole that same day under the Immigration and Nationality Act. Upon release, Petitioner lived in the United States awaiting his immigration court hearing and, after appearing at a check-in appointment, was re-detained on April 4, 2025, without being provided a bond hearing. The magistrate judge determined that Petitioner did not file his motion, nor seek any other emergency relief, until approximately nine months after he was re-detained and more than two months after filing his petition and that such delay implied a lack of urgency and irreparable harm. The magistrate judge found that Petitioner did not offer an explanation to justify the delay in seeking emergency relief and his motion was, therefore, untimely such as to weigh against a finding of

1  irreparable harm and the issuance of a temporary restraining order.  The magistrate judge
2  recommended the motion be denied.  *Id.* at 4-5.
3        On January 16, 2026, Petitioner filed objections to the magistrate judge's findings and
4  recommendations.  (Doc. 25.)  In his objections, Petitioner represents that the delay was not due
5  to lack of urgency but because Petitioner retained counsel.  *Id* at 2.  Petitioner asserts that the
6  Court should focus not on the timing of the motion but on the entire record, including the
7  complexity of immigration law and Petitioner's initial pro se status.  *Id.* at 4.  Petitioner asserts
8  that serious questions exist going to the merits and that constitutional violations, as alleged here,
9  should outweigh considerations of timing.  *Id.* at 5-7.
10       According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this
11 case, including the objections filed by Petitioner.  Having carefully reviewed the matter, the Court
12 concludes that the objections do not materially call into question any of the magistrate judge's
13 conclusions and the findings and recommendations are supported by the record and proper
14 analysis. Crucially, in citing *Cuviello v. City of Vallejo*, 944 F.3d 816 (9th Cir. 2019), (*see* Doc.
15 25 at 4), Petitioner appears to fail to appreciate the distinction between (1) the Court's refusal to
16 treat a request for "last minute" injunctive relief on shortened time (i.e., as a TRO) under its Local
17 Rule 231(b); and (2) how delayed presentation of a request for injunctive relief should impact the
18 overall irreparable harm analysis under *Winter*. The Court construes the magistrate judge's ruling
19 as addressing the former and agrees with the ruling.
20       Accordingly, the Court **ORDERS**:
21     1.  The findings and recommendations (Doc. 23) issued on January 13, 2026, are
22         **ADOPTED** in full; and
23     2.  Petitioner's motion for temporary restraining order (Doc. 9) is **DENIED**.

IT IS SO ORDERED.

Dated: **January 29, 2026**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

2