# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILIAS DZHATDOEV,<br><br>             Petitioner,<br><br>      v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, *et al.*,<br><br>             Respondents. | Case No. 1:25-cv-01457 JLT CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATIONS TO GRANT IN PART<br>PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 27)<br><br><u>7-Day/14-Day Deadlines</u> |

Ilias Dzhatdoev is a federal immigration detainee proceeding pro se. He initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 31, 2025. Then and now, he is being held at the Immigration and Customs Enforcement at the Golden State Annex facility, located in McFarland, California.  (Doc. 1.)  On January 12, 2026, Petitioner filed his first amended petition.  (Doc. 18.)

On February 5, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition in part as to Petitioner's due process claim, recommending that Petitioner be released.  (Doc. 27 at 14-17.)  The Court served the findings and recommendations on the parties. Respondents filed objections in which they incorporate by reference the same arguments advanced in their opposition to the petition and additionally cite the recently decided Fifth Circuit case of *Buenrostro-Mendez v. Bondi*, ___ F.4th ___, No. 25-20496, 2026 WL 323330 (5th Cir.

Feb. 6, 2026).[1]  (Doc. 28.)  Petitioner filed a notice that he did not object to the findings and recommendations.  (Doc. 29.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes that the findings and recommendations are supported by the record and proper analysis.[2]  Accordingly, the Court **ORDERS**:

1. The findings and recommendations (Doc. 27) issued on February 5, 2026, are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 18) is **GRANTED IN PART** on Petitioner's claim alleging violation of procedural due process rights under the Fifth Amendment to the U.S. Constitution.

3. Respondents are **ORDERED** to release Petitioner immediately.

4. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.[3]

///

///

///

///

///

[1] The Fifth Circuit case is not binding on this Court and is contrary to this Court's prior orders as well as orders issued in numerous other cases in this Circuit.

[2] Though the body of the findings and recommendations reasons that the appropriate remedy is a bond hearing (Doc. 27 at 16-17), the conclusion recommends immediate release. (*Id*. at 17.) The undersigned finds that immediate release is appropriate. Respondents do not offer any basis to detain Petitioner other than their contention that he is mandatorily detained under 8 U.S.C. § 1225 and do not assert any risk of flight or danger to the community.

[3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.

5.  The Clerk of the Court is **DIRECTED** to enter judgment for Petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **February 12, 2026**

UNITED STATES DISTRICT JUDGE

3